CHILDS v. HALL et al.

[90 South. 426. No. 22404.]

1. FRAUD. *Proof of agent's failure to account does not sustain charge.*
   A recovery cannot be had in an action for deceit, where the evidence
   fails to sustain the fraud and deceit charged in the declaration, but
   discloses that the defendant was an agent of the plaintiff, and with-
   holds from him money received by him, and for which he should ac-
   count to his principal.

2. VENDOR AND PURCHASER. *One purchasing land and securing vendor's deed direct to a third party is the vendor of such third party, and not his agent.*

Where A. has agreed with B. on the purchase by B. of land from A., and before the deed is executed B. sells the land to C. and procures A. to execute a deed thereto direct to C., the relation between B. and C. is that of vendor and purchaser, and not of principal and agent, although B. may have sold the land to C. for a greater sum than he paid A., representing to C. that he was selling it to him for the amount he had agreed to pay A.

APPEAL from circuit court of Tishomingo county.

HON. C. P. LONG, Judge.

Action by Alice Hall and another against Joe Childs. Instructed verdict, and judgment for plaintiffs, and defendant appeals. Reversed, and judgment here for defendant.

*W. C. Sweat,* for appellant.

*W. J. Lamb,* for appellees.

SMITH, C. J., delivered the opinion of the court.

This is an action for deceit. The gravamen of the charge is that the plaintiffs purchased from the defendant certain land for the sum of two thousand five hundred dollars, upon the false and fraudulent statement made to them by the defendant for the purpose of deceiving and defrauding them, and upon which they relied; that he had himself purchased and paid that sum for the land, when in truth and in fact he only paid therefor the sum of two thousand dollars. The evidence by which it was sought to support the declaration is to the effect that the defendant told the plaintiffs that he had purchased the property for two thousand five hundred dollars, and would sell it to them for just what he gave for it, which offer was accepted by the plaintiffs, the two thousand five hundred dollars paid and the defendant's vendor, who had not executed a deed to

the defendant, executed a deed therefor direct to the plaintiffs; that after the trade had been closed, and the money paid, the plaintiffs learned that the defendant had paid only two thousand dollars for the land. No evidence of the value of the land was introduced on behalf of the plaintiffs, and evidence offered by the defendant to the effect that the land was worth two thousand five hundred dollars was excluded. The court refused to direct the jury to find for the defendant, but instructed the jury to find for the plaintiffs, and there was a verdict and judgment accordingly.

Counsel for the appellees does not contend that the false statement made by the appellant to the appellees as to the price paid by him for the land will sustain an action for deceit, and the only ground on which it is sought to sustain the judgment of the court below is that the appellant was the agent of the appellees in the purchase of the land, and therefore must account to them for any sum collected by him from them in excess of the price paid by him for the land. This contention is without merit for two reasons: First, the action is one for deceit, and the declaration contains no allegation whatever. setting forth a claim for a recovery by a principal of money wrongfully withheld from him by his agent; and, second, it is manifest from the evidence that the appellant neither offered nor was requested to purchase the land for the appellees, but, on the contrary, he offered to sell it to them himself, and the relation that existed between the parties was that of vendor and purchaser.

Instead of granting the peremptory instruction requested by the appellees, the court below should have granted the one requested by the appellant.

Reversed, and judgment here for appellant.

*Reversed.*